O

# United States District Court
# Central District of California

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>PAULINE WHITE, et al.,<br><br>Defendants. | Case № 2:18-cv-04072-ODW (ASx)<br><br>**ORDER GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS [188];<br>DENYING COUNTER-DEFENDANTS' MOTION TO STRIKE [187]; AND<br>DENYING EPHIPHANY'S MOTION TO AMEND [194, 195]** |
| PAULINE WHITE et al.,<br><br>Counter-Claimants,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, et al.<br><br>Counter-Defendants | |

## I.   INTRODUCTION

Plaintiff and Counter-Defendants move to dismiss the Counterclaim filed by Counter-Claimant Ephiphany Limited LLC, and to strike portions thereof.  (Mot. to

1   Dismiss ("Mot."), ECF No. 188; Mot. to Strike ("MTS"), ECF No. 187.)  Ephiphany
2   did not oppose either motion.  For the reasons that follow, the Court **GRANTS** the
3   Motion to Dismiss and **DENIES** the Motion to Strike as moot.[1]

## II.   BACKGROUND

5      On May 16, 2018, Plaintiff The Bank of New York Mellon ("BONY" or
6   "Plaintiff") initiated this action against Defendant Pauline White ("White"), asserting
7   five claims for judicial foreclosure, breach of contract, ejectment, receivership, and
8   declaratory relief. (Compl., ECF No. 1.)  On August 28, 2018, White filed an answer
9   and counterclaim, asserting twenty-seven counter-claims against BONY, Bayview
10  Loan Servicing, Inc., and Select Portfolio Servicing, Inc.  (White's Answer and
11  Countercl., ECF No. 18.)  On February 27, 2020, BONY amended the Complaint to
12  add Ephiphany Limited LLC as DOE 1 as a nominal defendant, as well as United
13  States of America and City of Monrovia as Does 2 and 3, respectively.  (Am. to
14  Compl., ECF No. 128.)   On April 29, 2020, Ephiphany filed an answer and
15  counterclaim, asserting the same twenty-seven counter-claims as White against
16  Counter-Defendants BONY, Bayview, Select, and Shellpoint Mortgage Servicing
17  LLC ("Counter-Defendants"). (Ephiphany's Answer and Countercl., ECF No. 183.)

18     Counter-Defendants move to dismiss Ephiphany's counter-claims for failure to
19  state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Mot. 8.)
20  Counter-Defendants also move to strike the portions of Ephiphany's counter-claims
21  seeking punitive damages.  (*See* Notice of MTS 2.)  Counter-Defendants noticed the
22  hearing on the motions for June 22, 2020, at 1:30 p.m.  Thus, pursuant to Local
23  Rule 7-9, Ephiphany's oppositions were due no later than June 1, 2020.  *See* C.D. Cal.
24  L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the
25  motion hearing).  However, to date, Ephiphany has filed no opposition.

---

[1] After carefully considering the papers filed in connection with the motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

### III.   EPHIPHANY'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."  C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).   "Explicit findings with respect to these factors are not required."  *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).   In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so.  *See Ghazali*, 46 F.3d at 54.

The Court has considered the *Ghazali* factors enumerated above and that consideration convinces the Court of the propriety of granting the motion to dismiss. Additionally, Ephiphany received notice of the motions and had ample opportunity to respond.  Ephiphany is represented by counsel, Ms. White, a registered CM/ECF user who receives notice of electronic filings in this action.   Thus, Ephiphany received notice of the motions.  Further, Ephiphany was recently engaged in this matter, as it filed its counter-claims on April 29, 2020, yet has failed to oppose the motions.

Counter-Defendants set the motions to be heard on June 22, 2020, meaning any opposition was due no later than June 1, 2020.  *See* C.D. Cal. L.R. 7-9.  After the time

for briefing had closed, on June 9, 2020, the Court took the motions under submission having received no opposition.  (ECF No. 192.)  Ten days later, on June 19, 2020, Ms. White filed a declaration "Re: Notice to The Court," concerning the pending motions. (Decl. of Pauline White ("White Decl."), ECF No. 193.)  As it was filed after the time for briefing on the motions had closed, "[t]he Court may decline to consider" Ms. White's untimely declaration.  C.D. Cal. L.R. 7-12.  Nevertheless, the Court has reviewed Ms. White's declaration and finds it provides no excuse for Ephiphany's failure to oppose.

Ms. White asserts Counter-Defendants failed to meet and confer pursuant to Local Rule 7-3 and argues the Court should strike the motions.  (White Decl. 3.) However, Ms. White concedes that Counter-Defendants corresponded with her regarding alleged pleading deficiencies seven days in advance of filing the motions. (White Decl. 3.)  Counsel need only "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  Given the history and circumstances of this litigation, the Court finds Counter-Defendants' meet and confer correspondence sufficient for purposes of Local Rule 7-3.

Ms. White also claims she "was not aware that any motions were still pending." (White Decl. 4.)  The Court is unpersuaded.  Counter-Defendants filed their Motion to Dismiss and Motion to Strike on May 20, 2020.  (*See* ECF Nos. 187, 188.)  At the same time, they filed two additional motions in error, which they immediately withdrew.  (*See* Mot. to Dismiss, ECF No. 186; Mot. to Withdraw, ECF No. 189; Notice of Withdrawal, ECF No. 190.)  The Court issued an Order *expressly clarifying* that only "the Motion to Dismiss at ECF Nos. 186, 186-1, and 186-2, and the Motion to Withdraw at ECF Nos. 189, 189-1, and 189-2" were withdrawn.  (Order, ECF No. 191.)  Thus, Counter-Defendants' Motion to Strike (ECF No. 187) and Motion to Dismiss (ECF No. 188) remained pending and on calendar for a June 22, 2020 hearing

until the Court took them under submission.  A cursory review of the case docket would have revealed the pending motions.[2]

Ms. White is a licensed attorney and is held to the standards of a practitioner before this Court.  As the Court has noted on prior occasions, professed confusion concerning proceedings in this matter is no excuse for the failure to file required documents.

Ephiphany received notice of the motions and had ample opportunity to oppose yet failed to do so.  Neither Ms. White nor Ephiphany offers any reasonable excuse for Ephiphany's failure to oppose Counter-Defendants' motions.  Further, consideration of the *Ghazali* factors convinces the Court of the propriety of granting the motion to dismiss.  Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Counter-Defendants' Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Counter-Defendants' Motion to Dismiss and **DISMISSES** Ephiphany's Counterclaim.  (ECF No. 188.)  The Court therefore **DENIES as moot** Counter-Defendants' Motion to Strike and Ephiphany's Motion to Amend.  (ECF Nos. 187, 194, 195.)


**IT IS SO ORDERED.**


June 23, 2020


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court finds Ms. White's remaining statements equally without merit.