UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4072 PA (ASx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | The Bank of New York Mellon, et al. v. Pauline White, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Kamilla Sali-Suleyman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |

**Proceedings:**   IN CHAMBERS — COURT ORDER

The Court has conducted a preliminary review of the parties' cross-motions for summary judgment. Among the issues raised in the Motions is the status of defendant Ephiphany Limited LLC.[1/] Other than a statement in at least two of the multiple proposed Pretrial Conference Orders (Docket Nos. 217 & 269) that "BONY is diverse from all other Defendants listed in paragraph 1(e)-(g)," it does not appear that either party has ever properly alleged the citizenship of Ephiphany Limited LLC.

This Court has a continuing obligation to assess its subject matter jurisdiction, and may consider the issue sua sponte at any stage of the proceedings. See, e.g., Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). To establish diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C.

---

[1/]   The pleadings use both "Ephiphany Limited LLC" and "Epiphany Limited LLC." The Court will use "Ephiphany Limited LLC" because that is the spelling used by Pauline White in her most recent briefing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4072 PA (ASx) | | Date | June 7, 2022 |
|---|---|---|---|---|
| Title | The Bank of New York Mellon, et al. v. Pauline White, et al. | | | |

§ 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

      To assist the Court in determining if it possesses subject matter jurisdiction over this action, the Court orders Pauline White and Ephiphany Limited LLC to file, by no later than June 10, 2022, a declaration under penalty of perjury identifying each member of Ephiphany Limited LLC and their state of citizenship.

      Additionally, the Court notes that the Motion for Summary Judgment filed by Pauline White and Ephiphany Limited LLC asserts that plaintiff's claims are barred by the statute of limitations.  The Court's preliminary review of the pleadings in this matter, including the multiple proposed Pretrial Conference Orders, appear to indicate that Pauline White and Ephiphany Limited LLC have never before asserted an affirmative defense alleging that plaintiff's claims are barred by the statute of limitations in any of the operative pleadings.  It appears that Pauline White and Ephiphany Limited LLC may have therefore waived that affirmative defense and should not be allowed to assert it at this stage through a Motion for Summary Judgment.  The Court therefore orders Pauline White and Ephiphany Limited LLC to show cause in writing why their Motion for Summary Judgment should not be summarily denied.  Pauline White and Ephipany Limited LLC's response to this Order to Show Cause shall be filed by no later than June 13, 2022.  This Order to Show Cause does not alter the briefing schedule set in the Court's May 5, 2022 Minute Order.

      IT IS SO ORDERED.